Dear Judge Holdridge:
You have requested an opinion of the Attorney General regarding a resolution signed by the Judges of the 23rd Judicial District Court. The intent of the resolution is to allow the Judges to be reimbursed from the 23rd Judicial District Expense Fund (Fund) for the monthly note of an automobile purchased or leased and used to travel to and from the four courthouses located in the tri-parish District. You specifically ask whether it is legally permissible for the Judges to receive reimbursement from the Fund for this purpose. You correctly note that the Resolution must be approved by the Louisiana Supreme Court, as they have final control over the management of the State judiciary. Therefore, our opinion presupposes this approval.
Initially, we draw your attention to R.S. 13:996.54 which creates the Fund. It provides, in pertinent part, the following:
 "B. The clerk of court and sheriff shall place all sums collected or received under this section with the chief judge who shall place said sums in a separate account to be designated as the judicial expense fund for the Twenty-Third Judicial District Court . . . .
 C. . . . In general, the judicial expense fund is established and may be used for any purpose connected with, incidental to, or related to the proper administration or function of the court or the offices of the judges, and is in addition to any and all other funds, salaries, expenses, or other monies that are now or hereafter provided, authorized, or established by law for any of the aforesaid purposes.
 D. No salary shall be paid from the judicial expense fund for the Twenty-third Judicial District to any of the judges thereof except as may be paid for administering the fund and then only after prior legislative approval." [Emphasis added.]
As can be gleaned from the above, the language delineating the purposes for which the monies in the Fund can be used is very broad. We believe that expenses relating to the use of an automobile for judicial purposes can be classified asconnected with, incidental to, or related to the properadministration or function of the court.
Having found that the Fund may be used for the reimbursement of automobile expenses, we turn now to the issue of the characterization of the reimbursement as a true reimbursement of official expenses or, conversely, additional salary and/or compensation. This is of critical importance if a judge's salary is at the statutory maximum. The following represents the position of the United States Department of the Treasury, Internal Revenue Service (IRS).
In 1989, Section 62 of the Internal Revenue Code was implemented. It provides that, to the extent documentation is submitted by the public official to justify the business use of the automobile, the IRS does not require the transaction to be reported as compensation or income. If, however, documentation is inadequate to support the business reimbursement, the payment is presumed to be additional salary and/or compensation from which federal and state income taxes must be withheld.
This office has previously addressed the application of Section 62 with regard to the payment of a flat monthly mileage allowance to members of a Parish Council, the maximum salaries of which were statutorily fixed. Opinion No. 92-857 concluded that to the extent adequate documentation was not maintained to support the entire allowance, that unsupported portion of the reimbursement must be considered and reported as salary or compensation. If the official was already at his statutory maximum, any additional salary would constitute a bonus or donation in violation of Article VII, Section 14. Accordingly, the unused portion must be returned to the fund from which it was drawn.
I have been informed by Edward Cleverdon, Attorney Advisor to the General Counsel of the Income Tax Accounting Branch No. 2, of the IRS in Washington, D.C., that monthly notes for thelease of an automobile may be reimbursed and not considered salary to the extent that the automobile is used for legitimate business expense. This would, of course, not include commuting expenses. Thus, if the vehicle is used totally for legitimate business purposes, the entire note is reimbursable and not considered by the IRS as salary or compensation, regardless of the number of miles the vehicle is driven.
Conversely, if thirty percent of the use of the vehicle is considered personal, then only seventy percent of the note is reimbursable. Any reimbursement above that percentage constitutes salary or compensation. If the recipient is already at his maximum salary, a retention of that portion of the payment representing personal use would constitute a bonus or donation in violation of Article VII, Section 14 and R.S. 13:996.54(D).
As previously discussed, it is essential that adequate documentation is maintained by the recipient to support the position that the vehicle is used for business purposes.
The IRS does not treat the monthly note on the purchase
of the vehicle in the same manner as a lease agreement. Instead of the percentage-of-use method applicable to lease notes, reimbursement on the basis of actual mileage traveled is utilized. Thus, reimbursement for any portion of the note which exceeds the mileage allowance for actual business miles traveled would be considered additional salary under Article VII, Section 14 and R.S. 13:996.54(D).
In the event you have any questions concerning the above issues and the methodology used by the IRS regarding automobile reimbursements, you may wish to call Edwin Cleverdon at (202) 622-4920.
Trusting that this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
cc: Grove Austin Assistant Legislative Auditor
Date Received:
Date Released:
Robert E. Harroun Assistant Attorney General